COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

EAGLE INDUSTRIAL INSTALLATIONS, INC.
AND
AMERICAN AND FOREIGN INSURANCE COMPANY

v.   Record No. 0758-95-2          MEMORANDUM OPINION[*]
                                         PER CURIAM
WILLIAM TERRY KITE                 SEPTEMBER 19, 1995


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (John M. Oakey, Jr.; Jill M. Misage; McGuire, Woods,
                Battle & Boothe, on briefs), for appellants.

                (Brian J. Cusce, on brief), for appellee.


     Eagle Industrial Installations, Inc. and its insurer
(hereinafter collectively referred to as "employer") contend that
the Workers' Compensation Commission erred in holding that
William Kite was not barred, pursuant to Code § 65.2-306, from
receiving an award of compensation because of his willful
violation of a safety rule.  Upon reviewing the record and the
briefs of the parties, we conclude that this appeal is without
merit.  Accordingly, we summarily affirm the commission's
decision.  Rule 5A:27.

     "To prevail on the defense of willful violation of a safety
rule, employer must prove that: (1) the safety rule was
reasonable; (2) the rule was known to the employee; (3) the rule
was promulgated for the benefit of the employee; and (4) the

───────────────
          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

employee intentionally undertook the forbidden act." Brockway v.

Easter, 20 Va. App. 268, 271, 456 S.E.2d 159, 161 (1995).

> Whether the rule is reasonable and applies to the situation from which the injury results, and whether the claimant knowingly violated it, is a mixed question of law and fact to be decided by the commission and reviewable by this Court. But the question of whether an employee is guilty of willful misconduct and whether such misconduct is a proximate cause of the employee's accident are issues of fact.

Id. at 271-72, 456 S.E.2d at 161. Upon review of the record, the commission found "that the claimant has offered a satisfactory explanation for his failure to use the safety line."

Employer had a published safety rule mandating that employees use a safety line when working under any circumstances in which a line would prevent a fall. As a superintendent/safety supervisor, claimant was aware of and enforced this rule.

On May 11, 1994, claimant and a co-worker were called to inspect a leaking pipe. The pipe was situated over a pit approximately ten feet deep. The pit was surrounded by a metal guardrail. Claimant stepped through an opening in the guardrail and onto a horizontal six-inch pipe located near a vertical pipe. He intended to step over to a "blow box" in order to inspect the leak. However, his foot slipped as he stepped to the pipe, and he fell ten feet, sustaining a compound fracture of the right leg.

Claimant admitted that if employees had been assigned to work on the pipe, they would have been required to use a safety

2

line.  A safety line and harness were available to claimant, but he was not wearing a safety line when he fell.

Claimant testified that he only intended to inspect the pipe, not to work on it.  He also asserted that if he had worn a safety line, it would not have been long enough to allow him to reach the "blow box."  He could not have used a ladder to inspect the pipe, because it was spilling hot water into the pit.

The commission believed claimant's testimony that the safety line was too short to be used under the circumstances.  Evidence in the record supports this finding.  Employer does not dispute that claimant was assigned to inspect the pipe.  According to claimant he could not have carried out this task if he had hooked up to a safety line.

The record clearly established that employer had adopted a reasonable safety rule, trained its employees in its application, and enforced the rule.  However, we find upon review that there is evidence in the record to support the commission's findings.  Claimant testified that he could not have inspected the pipe if he had hooked up to a safety line which was attached to the handrail.  The record shows that the use of an alternative method, such as a ladder, was not feasible.  We hold that, based upon the record, credible evidence supports the commission's finding that claimant provided a satisfactory explanation for his failure to wear a safety line.  Because of this finding, employer's defense of willful misconduct or violation of a safety

3

rule cannot prevail.  Accordingly, we affirm the commission's decision.

Affirmed.
